```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BEVERLY SMITH, et al., | |
| Plaintiffs, | Civil Action |
| | No. 09-4268 (JBS/KMW) |
| v. | |
| STATE OF NEW JERSEY, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Anthony Granato
Jarve Kaplan Granato, LLC
10 Lake Center Executive Park
401 Route 73 North, suite 204
Marlton, NJ 08053
    Attorney for Plaintiffs Beverly Smith and Joe Smith

Vincent J. Rizzo, Jr.
Office of the NJ Attorney General
RJ Hughes Justice Complex
25 Market Street
PO Box 112
Trenton, NJ 08625-0112
    Attorney for Defendants State of New Jersey, New Jersey
    State Police, and State Trooper Carlos Rodriguez

**SIMANDLE**, Chief Judge:

**I.   INTRODUCTION**

Plaintiffs Beverly Smith and Joe Smith filed a lawsuit against Defendants State of New Jersey, the New Jersey State Police, and State Trooper Carlos Rodriguez alleging violations of 42 U.S.C. § 1983, the New Jersey State Constitution, and the New Jersey Civil Rights Act and claims for assault, battery, and false imprisonment.  Defendants filed a Motion for Partial

Summary Judgment [Docket Item 30] arguing that federal claims against Defendants State of New Jersey, the New Jersey State Police, and Trooper Rodriguez in his official capacity are barred by the Eleventh Amendment to the United States Constitution and by the definition of persons who may be liable under § 1983.  For the reasons explained herein, the Court will grant Defendants' motion.

## II.  BACKGROUND

This section outlines Plaintiffs' factual and legal allegations.  It also describes Defendants' arguments in their Motion for Partial Summary Judgment and Plaintiffs' arguments in their opposition to Defendants' motion.

### A. Factual Background

Plaintiffs Beverly Smith and Joe Smith filed a lawsuit against Defendants State of New Jersey, the New Jersey State Police, and State Trooper Carlos Rodriguez[1].  (Am. Compl.) The New Jersey State Police Department, which employs Trooper Rodriguez, is an arm of the State of New Jersey.  (Am. Compl. ¶¶ 1-2.)

Plaintiffs originally filed their Complaint in the Superior

---

[1] The Complaint also names John Doe and/or John Doe Corporation 1-10 Defendants. The Complaint acknowledges that these names are "fictitious." The John Doe Defendants are not discussed in the present motion, and the Court has not considered them in its Opinion.

Court of New Jersey Law Division, Camden County, and Defendants removed the action to this Court. [Docket Item 1.]

On June 24, 2007, Detective Carlos Rodriguez, a New Jersey State Police Officer, was conducting an investigation in Camden, NJ, when he reportedly heard "yelling, cursing, and furniture being moved" and a voice asking someone to call the police. (Pl. Opp'n Ex. A, Expert Report of Timothy J. Longo, Sr.[2], ¶¶ 13-15.) Detective Rodriguez and Trooper B. Carswell, another New Jersey State Policeman, approached the Plaintiffs' home, from which they believed they heard the noise. (Id. ¶ 16.) They opened the front door, entered the home and, after an altercation the nature of which is disputed, arrested Joseph Smith. (Id. ¶ 22-24.) Plaintiffs allege that the entry into their home was unlawful and that Trooper Rodriguez used excessive force in arresting Joseph Smith.

The unlawful entry and excessive force purportedly caused Joseph Smith to suffer permanent injuries, personal injuries, pain and suffering, emotional injuries, impaired functioning, medical expenses, and financial losses. (Am. Compl. ¶¶ 11-13.) Beverly Smith suffered emotional injuries. (Am. Compl. ¶ 14.)

Plaintiffs claimed violations of 42 U.S.C. § 1983 because the allegedly unlawful entry, unlawful arrest, and excessive

---

[2]Longo is Plaintiffs' expert witness. Plaintiffs incorporated his entire report in their Opposition to Defendants' Motion for Partial Summary Judgment.

force violated their constitutional rights.  (Am. Compl. ¶¶ 17-23.)  They demanded money damages, including punitive damages and attorney fees.  (Am. Compl. ¶ 23.)  They also asserted claims regarding violations of the New Jersey State Constitution and the New Jersey Civil Rights Act (Count II) and assault, battery, and false imprisonment (Count III).

    **B. Motion for Partial Summary Judgment**

Defendants filed a Motion for Partial Summary Judgment. [Docket Item 30.]  They argued that federal claims against Defendants State of New Jersey, the New Jersey State Police, and Trooper Rodriguez in his official capacity are barred by the Eleventh Amendment to the United States Constitution.  They also argued that the § 1983 claims should be dismissed against those Defendants because none of those parties are "persons" subject to liability under the 42 U.S.C. § 1983.  In addition, they argued that the State of New Jersey and the New Jersey State Police cannot be subject to a § 1983 suit based on theories of supervisory or vicarious liability because they were not personally involved in the allegedly unlawful entry and forceful arrest and because Plaintiffs have not alleged that the State or the State Police Department failed to properly train Trooper Rodriguez.  In short, Defendants sought to dismiss the federal § 1983 claims against the State of New Jersey, the New Jersey State Police, and Trooper Rodriguez in his official capacity.

In their Opposition [Docket Item 32], Plaintiffs argued that the State of New Jersey and the New Jersey State Police are vicariously liable for the actions of the New Jersey State Police Department and New Jersey State Troopers pursuant to the New Jersey Civil Rights Act and the New Jersey Constitution.  They also argued that Trooper Rodriguez violated the Plaintiffs' civil rights and that the § 1983 claim against him should stand because "it does not matter what capacity he was acting in.  The Defendant is responsible individually." (Pl. Opp'n at 6.) They argued that Defendants "are creating a fiction that somehow Summary Judgment can be awarded in favor of a certain capacity an individual is acting in at the time of the violations." (Id.)

**III. Standard of Review**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id.  The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party

opposing the motion." Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

**IV. Analysis**

The Motion presently before the Court does not involve a factual analysis of the events that gave rise to this cause of action; it requires a legal analysis of whether Plaintiffs may sue the State of New Jersey, the New Jersey State Police, and Trooper Rodriguez in his official capacity for violations of 42 U.S.C. § 1983. The Court finds, as a matter of law, that they may not. A state, its agencies, and its actors in their official capacities are not persons who may be sued under § 1983.[3]

Plaintiffs assert one federal claim, violations of 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance,

---

[3] Defendants also argued that they are immune from suit pursuant to the Eleventh Amendment, which provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." U.S. Const. Amend. XI. This argument is moot because the state, the state police, and state actors sued in their official capacities are not persons under § 1983. But the Court notes that Eleventh Amendment immunity does not apply when a state has consented to federal jurisdiction; by removing this action to federal court, Defendants provided such consent. See Lapides v. Bd. of Regents of Univ. Sys. of Georgia, 535 U.S. 613, 624 (2002) ("removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter . . . in a federal forum").

>  regulation, custom, or usage, of any State or Territory
>  . . . subjects, or causes to be subjected, any citizen
>  of the United States or other person within the
>  jurisdiction thereof to the deprivation of any rights,
>  privileges, or immunities secured by the Constitution and
>  laws, shall be liable to the party injured in an action
>  at law, suit in equity, or other proper proceeding for
>  redress. . . .

42 U.S.C. § 1983.  The statute's text is clear: a § 1983 suit may only be brought against a defendant who is considered a "person" within the meaning of § 1983.

In Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the United States Supreme Court analyzed whether states could be persons under § 1983.  The Court held that "a State is not a person within the meaning of § 1983." Id. at 64.  In that case, the Michigan Department of State Police was the defendant, not Michigan state.  But because the Department of State Police was an arm of the state, the analysis involved whether the state could be sued under § 1983.  Will has thus been held to "establish[] that the State and arms of the State . . . are not subject to suit under § 1983. . . ." Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365 (1990).  The Court will therefore dismiss Count I against the State of New Jersey and the New Jersey State Police because the state and arms of the state may not be sued under § 1983.

In addition to holding that the state was not a person under § 1983, the Will court also held that state actors in their official capacities are not persons who may be sued under § 1983.

7

The Will court stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself." Id. at 71 (internal citation omitted).  The Will court concluded that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. at 71.  Therefore, Plaintiffs' § 1983 claims against Trooper Rodriguez in his official capacity cannot proceed.  The Court will grant Defendants' partial summary judgment motion and dismiss Count I against Trooper Rodriguez in his official capacity[4].

Plaintiffs argue that Defendants created "a fiction that somehow Summary Judgment can be awarded in favor of a certain capacity an individual is acting in at the time of the violations." (Pl. Opp'n at 6.) The distinction between individual and official capacities is not fictitious. See e.g., Hafer v. Melo, 502 U.S. 21, 31 (1991) ("state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983").  In their reply, Defendants did not dispute that

---

[4]A state official in his official capacity can be sued under § 1983 when the action is for injunctive relief: "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." Will at 71 n.10 (internal citations omitted). Because Plaintiffs only seek monetary, and not injunctive, relief, this exception does not apply.

8

Rodriguez remains potentially liable under § 1983 for claims directed toward his individual capacity. (Def. Reply at 3.) The Court dismisses § 1983 claims against Defendant Rodriguez acting in his official capacity, but not in his individual capacity.[5]

**V.   CONCLUSION**

Defendants' Motion for Partial Summary Judgment is granted. As a matter of law, Count I, which alleges violations of 42 U.S.C. § 1983, is dismissed against Defendants State of New Jersey, New Jersey State Police, and Trooper Carlos Rodriguez acting in his official capacity. Count I is not dismissed against Trooper Carlos Rodriguez acting in his individual capacity. This Opinion neither considers nor impacts Plaintiffs' claims regarding violations of the New Jersey State Constitution and the New Jersey Civil Rights Act (Count II) and assault, battery, and false imprisonment (Count III). The accompanying Order will be entered.

**November 7, 2012**                   **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                       Chief U.S. District Judge

---

[5] Because the Court will grant Defendants' motion on the grounds that the State of New Jersey, the New Jersey State Police, and Trooper Rodriguez in his official capacity are not persons under § 1983, the Court need not analyze Defendants' arguments that § 1983 does not allow lawsuits alleging vicarious or supervisory liability.